(70 P.3d 707)

No. 89,430

CITY OF NORTON, *Appellee,* v. DUSTIN R. STEWART, *Appellant.*

Opinion filed June 13, 2003.

*Daniel C. Walter,* of Ryan, Walter & McClymont, Chtd., of Norton, for appellant.

*R. Douglas Sebelius,* Norton City Prosecutor, of Norton, for appellee.

Before BEIER, P.J., JOHNSON, J., and WAHL, S.J.

JOHNSON, J.: Dustin R. Stewart appeals his convictions for driving under the influence of alcohol (DUI) and transporting an open container, based upon the trial court's denial of his suppression motion. Finding Stewart's detention did not extend beyond that which is permissible for a lawful traffic stop, we affirm.

Thad Brown, a City of Norton law enforcement officer, stopped Stewart's vehicle for an inoperable headlight. In the process of effecting the stop, Brown ran a radio check of the vehicle license tag. As Brown approached the stopped vehicle, he saw Stewart putting Copenhagen tobacco in his mouth. Upon making contact with Stewart, Brown noticed a strong odor of alcohol emanating from inside the vehicle, which also contained a passenger. Brown asked for Stewart's driver's license and insurance information.

Stewart produced his license and the vehicle registration; he could not produce an insurance card. Brown's normal procedure would have been to call on the radio to check the driver's license.

Brown then asked Stewart to step out of the vehicle and accompany Brown to the patrol car. Brown had Stewart remove the tobacco from his mouth. Inside the patrol car, Brown detected a strong odor of alcohol coming from Stewart. During a brief conversation in the patrol car, Stewart admitted that he had consumed beer at a rodeo in Nebraska, as well as drinking a few on the drive home. Brown asked Stewart to perform a preliminary breath test (PBT), which he did. When the test indicated the presence of alcohol, Brown had Stewart exit the patrol car and perform field sobriety tests (FST). Based on Stewart's FST performance, Brown administered another PBT, which Stewart failed. After arresting Stewart for DUI, Brown seized beer from Stewart's vehicle, including an open can.

Stewart was charged in municipal court with DUI, transporting an open container, and no proof of liability insurance. The no proof of insurance charge was dismissed, but Stewart was convicted of the remaining charges. He appealed to the district court and filed a motion to suppress, claiming the scope and duration of his detention violated his Fourth Amendment rights. The district court denied the motion, finding "that the officer's detection of an odor of alcoholic beverage in dealing with the defendant gave the officer reasonable, articulable suspicion to believe there existed an alcohol-related violation and expand the scope of his detention of the defendant to investigate further." The trial then proceeded upon stipulated facts, and Stewart was convicted of DUI and transporting an open container.

The sole issue on appeal is the denial of Stewart's suppression motion. The ultimate determination of the suppression of evidence is a legal question requiring independent appellate review. *State v. Alvidrez*, 271 Kan. 143, 145, 20 P.3d 1264 (2001).

Stewart contends that when he was required to exit his vehicle, his detention was expanded beyond that which is permissible for a routine traffic stop. Stewart relies on Brown's candid statements that he always issues a warning ticket for a defective headlight

violation and that he removed Stewart from the vehicle to ascertain whether the odor of alcohol was coming from Stewart rather than from the passenger or another source within the vehicle. However, the United States Supreme Court has taught us that a law enforcement officer's subjective motive or deviation from normal procedure is not determinative of an unlawful detention claim so long as the officer was justified in his or her actions because of a traffic infraction. See *Whren v. United States*, 517 U.S. 806, 135 L. Ed. 2d 89, 116 S. Ct. 1769 (1996) (permitting evidence obtained through pretextual stop based upon traffic infraction). Therefore, the question should be whether Brown's detention of Stewart exceeded the scope of a routine traffic stop, when viewed objectively.

The stop of a moving vehicle always constitutes a seizure. *State v. McKeown*, 249 Kan. 506, 510, 819 P.2d 644 (1991). The scope and duration of a seizure must be strictly tied to and justified by the circumstances which rendered its initiation proper. *Terry v. Ohio*, 392 U.S. 1, 19, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968); *State v. Damm*, 246 Kan. 220, 224, 787 P.2d 1185 (1990).

" 'A traffic stop is a seizure within the meaning of the Fourth Amendment, "even though the purpose of the stop is limited and the resulting detention quite brief." [Citation omitted.] An ordinary traffic stop is, however, more analogous to an investigative detention than a custodial arrest. We therefore analyze such stops under the principles pertaining to investigative detentions set forth in *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). To determine the reasonableness of an investigative detention, we make a dual inquiry, asking first "whether the officer's action was justified at its inception," and second "whether it was reasonably related in scope to the circumstances which justified the interference in the first place." [Citations omitted.]' " *State v. Mitchell*, 265 Kan. 238, 241, 960 P.2d 200 (1998).

Stewart concedes that the initial stop was lawful, but suggests that Brown was only authorized to detain him for the few minutes required to issue a warning ticket. Stewart argues that Brown had to allow him to leave after writing the warning ticket unless Brown had reasonable suspicion that Stewart was driving under the influence. Continuing the argument, Stewart asserts that the smell of alcohol, alone, is insufficient suspicion of DUI because it is not unlawful to drink and drive; it is only unlawful to drive while under the influence. Curiously, in arguing his detention exceeded the

permissible scope and duration of a traffic stop, Stewart sets forth the following quote from *State v. Schmitter*, 23 Kan. App. 2d 547, Syl. ¶ 5, 933 P.2d 762 (1997):

"While conducting a routine traffic stop, a law enforcement officer may request the driver's license and vehicle registration, run a computer check, and issue a citation. Once the driver has complied and produced his or her license and registration, if no information is obtained in the computer check, he or she must be allowed to leave without further delay. In order to justify a further detention for questioning on matters not related to the original stop, the officer must have reasonable suspicion that the individual has committed, is committing, or is about to commit some other crime."

Stewart's own cited authority establishes that his traffic stop, standing alone, justified an investigative detention beyond the time required to write a defective headlight warning ticket; he could be detained for at least the time required to run a driver's license computer check. Inexplicably, neither party discusses the no proof of insurance charge and whether Brown could have arrested, or at least further detained, Stewart for that violation. Nevertheless, Brown was permitted to call in the driver's license. If he had returned to his patrol car with Stewart's driver's license to effect the computer check from the patrol car radio, we would not find that to be an unreasonable delay. Stewart would continue to be detained during this process, albeit normally seated in his vehicle. Therefore, the total length of time Stewart was detained prior to Brown's initial request for a PBT was not beyond the permissible time of detention for a routine traffic infraction stop.

Brown unquestionably had reasonable suspicion, shortly after Stewart entered the patrol car, that Stewart had been drinking and driving. At that point, Stewart's departure had not been unreasonably delayed beyond the normal time required to do a computer check and write a ticket. To find that the detention was expanded beyond the scope of a traffic stop, we must find that Brown was not permitted to have Stewart accompany him to the patrol car, *i.e.*, the nature of the detention, rather than the duration of detention, had exceeded that which is permissible for a traffic stop.

Stewart complains that he should not have been required to exit his vehicle based solely upon a defective headlight infraction. How-

ever, after a vehicle is lawfully stopped for a traffic violation, the police officer, even without any suspicion of an additional crime, can order the motorist to get out of the vehicle; such an order is reasonable and does not violate the Fourth Amendment. See *Pennsylvania v. Mimms*, 434 U.S. 106, 111, 54 L. Ed. 2d 331, 98 S. Ct. 330 (1977). Having the detainee walk to and enter the patrol car during the time permitted for the law enforcement officer to run a driver's license check does not change the nature of the detention. Only the place of detention has changed; Stewart was not free to leave whether he was sitting in his car, standing beside his car, or sitting in the patrol car.

As noted, Brown's subjective motives are not determinative, so long as he did not exceed the permissible scope of the lawful traffic infraction detention. Following a traffic stop, an officer is not required to close his or her eyes to all offenses that are not traffic related. *State v. MacDonald*, 253 Kan. 320, 324, 856 P.2d 116 (1993). Brown was permitted to concurrently investigate the source of the odor of alcohol and other observable indicia of intoxication, so long as he was diligently pursuing the traffic stop investigation. *Cf. State v. Kirby*, 12 Kan. App. 2d 346, 355, 744 P.2d 146 (1987), *aff'd* 242 Kan. 803, 751 P.2d 1041 (1988) (appellate court looks to whether the officer diligently pursued a means of investigation that was likely to confirm or dispel his or her suspicions quickly). Brown testified that he was at the driver's door "not more than a couple of minutes" and that he and Stewart were in the patrol car a "[c]ouple minutes probably." At the time that Brown obtained reasonable suspicion to commence a DUI investigatory detention, he was diligently pursuing the permissible traffic stop investigation. The district court did not err in denying the suppression motion.

Affirmed.